IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FA'AA'E LATA, *et al.*,<br><br>　　　　Defendants. | Case No. 24-cv-00348-DKW-KJM<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On August 12, 2024, Plaintiff Miles Thomas, proceeding without counsel, filed a Complaint alleging Defendants Fa'aa'e Lata, Michael Koko, Iese Tevaga, and Julian Tavares used "mind reading technology to harass and torture" him for "almost two years." Dkt. No. 1 at 5. At the same time, Thomas also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

I.      **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, the Court is unable to assess whether Thomas is entitled to proceed without prepaying fees or costs because he has failed to fully answer the questions in the IFP Application. Specifically, although Thomas states that he receives "food stamps and financial assistance", he fails to state the dollar amounts for these sources of income despite being directed to do so. Dkt. No. 3 at 1. Further, although Thomas states that two individuals are dependent upon him and he has student loan obligations, he, again, fails to state the amount he contributes to the dependents' support or pays toward his student loan debt each month, despite being directed to do so. *Id*. at 2. As a result, the IFP Application, Dkt. No. 3, is DENIED. Because Thomas could correct these deficiencies, however, denial is WITHOUT PREJUDICE.

Thomas may have until **August 27, 2024** to *either* (1) pay the filing fee for this action, *or* (2) file a new IFP application, a copy of which the Court will mail to him. If Thomas chooses to file a new IFP application, he must fully answer *each* question, including questions requiring him to state the *dollar amount* of things such

as *all* of his income and *all* of his obligations and/or debts.   **The Court cautions Thomas that the failure to either pay the filing fee or file a new IFP application by August 27, 2024 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Thomas a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: August 13, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge

---

*Thomas v. Lata*, et al.; Case No. 24-cv-00348-DKW-KJM; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**